NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEONARD ROBINSON,** | Civil Action No.: 12-cv-2693 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| **CRS FACILITY SERVICES, LLC.,** | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court on Defendants' objections to Magistrate Judge Dickson's Report and Recommendation regarding Defendant's Motion to Dismiss. Docket No. 26. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts and affirms Judge Dickson's September 24, 2013 Report and Recommendation, denies Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and dismisses Plaintiff's Amended Complaint *sua sponte* for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I.  BACKGROUND

Plaintiff Leonard Robinson ("Plaintiff"), appearing *pro se* in this matter, alleges discrimination by his former employer, Defendant CRS Services, LLC ("Defendant"), under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq ("Title VII"). Plaintiff was employed by Defendant for nearly ten years. He alleges that in early August of 2009, he sought and was granted a leave of absence from his position. See Amended Comp., Docket No. 24. Approximately

nine months later, he alleges that he spoke with his supervisor, who informed him of his termination. Id. A member of Defendant's Human Resources Department informed Plaintiff that the company had attempted to contact him, but had been unable to do so. Id. Plaintiff claims he was unjustly terminated and is entitled to relief.

Plaintiff filed his initial complaint, Docket No. 1, on May 4, 2012. Defendant filed an initial Motion to Dismiss, Docket No. 11, arguing that Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because he had not received the statutorily required Right to Sue letter from the Equal Employment Opportunity Commission ("E.E.O.C."). Plaintiff received a Right to Sue letter from the E.E.O.C. on or about January 16, 2013. The letter advised him that his charge had not been timely filed with the E.E.O.C. but that he may still bring his charge in state or federal court, if properly filed. See Docket No. 23-1. Plaintiff then asked Judge Dickson for permission to amend his Complaint, in part to add a claim brought under New Jersey state law. See Docket No. 20. On March 21, 2013, Plaintiff filed an Amended Complaint, Docket No. 24, alleging the facts above. Defendant then filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 26.

On September 24, 2013, Magistrate Judge Dickson issued his Report and Recommendation in this case. In his opinion, Judge Dickson recommended that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be denied, finding that subject matter jurisdiction existed under 28 U.S.C. § 1331. Despite his denial of the Rule 12(b)(1) motion, however, he exercised the Court's power to recommend dismissal of the Amended Complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6). Finally, Judge Dickson recommended that the Complaint be dismissed without prejudice, in order to allow Plaintiff to submit an amended complaint. On October 3, 2013, Defendant filed an objection to the Report and Recommendation and asked this Court to decline

to adopt Judge Dickson's recommendations that Defendant's initial motion be denied, and that Plaintiff be allowed to amend his Complaint.

## II. STANDARD OF REVIEW

When a magistrate judge addresses motions that are considered dispositive, the magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Review of a Report and Recommendation to which objections have been filed is done on a *de novo* basis. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). Because motions to dismiss, whether brought under Rule 12(b)(1) or 12(b)(6), are dispositive, this Court reviews Magistrate Judge Dickson's Report and Recommendation *de novo*.

## III. DISCUSSION

In its Objection to Judge Dickson's Report and Recommendation (the "Objection"), Defendant does not object to the Court's *sua sponte* dismissal of the Amended Complaint pursuant to Rule 12(b)(6). Rather, it makes two central arguments. First, Defendant makes two related arguments that this Court cannot exercise jurisdiction over this case because: 1) Plaintiff did not have a right to file a private suit due to his failure to timely exhaust administrative remedies, and 2) the lack of such a right deprives this court of subject matter jurisdiction over the case. See Def. Obj. at 7-11. Additionally, Defendant argues that allowing Plaintiff to amend his claim would be futile, requiring dismissal of the Amended Complaint with prejudice. See Def. Obj. at 11-12. The Court will address each aspect of the Report and Recommendation in turn.

3

A.     **Defendant's 12(b)(1) Motion**

Defendant's central argument, in both its Motion to Dismiss and the Objection, is that Plaintiff has failed to exhaust his administrative remedies, which both precludes him from filing suit in federal court and, at the same time deprives this Court of subject matter jurisdiction over this case. Def. Obj. at 8-11. Defendant is correct that the failure to exhaust administrative remedies under Title VII precludes relief in federal court. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). However, because Plaintiff has invoked Title VII in his Amended Complaint, and in light of the fact that Defendant's arguments, even if correct, do not call into question the subject matter jurisdiction of this Court, Judge Dickson's recommendation is adopted and affirmed, and Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

Regardless of whether he pled his claim with sufficient particularity, Plaintiff properly invoked federal question jurisdiction under 28 U.S.C. § 1331 when he pled a cause of action under Title VII. To properly invoke jurisdiction under § 1331, Plaintiff must demonstrate that his claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although it is undisputed that the party asserting federal jurisdiction has the burden of proving its propriety, see Phillip v. Atlantic City Medical Center, 861 F. Supp. 2d 459, 466 (D.N.J. 2012), pleadings by *pro se* parties are given substantial latitude and are held to less stringent standards than typical pleadings drafted by attorneys. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Once a Plaintiff alleges that the actions of a defendant have violated federal law, the question of whether any facts as pled are true, or whether they are legally sufficient to warrant relief, is one of merit, and not jurisdiction. See Kulick v. Pocono Downs Racing Ass'n, 816 F.2d

895, 897-98 (3d Cir. 1987) ("Under [Section 1331], a court has jurisdiction over the dispute so long as the plaintiff alleges that defendant's actions violate the requisite federal law . . . the truth of the facts alleged . . . (are) a question on the merits"). Dismissal for lack of jurisdiction will be proper only when the right claimed is "so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 899. In the present case, although Plaintiff did not explicitly plead a federal cause of action, numerous aspects of his pleadings indicate claims grounded in federal law, namely Title VII of the Civil Rights Act of 1964. First, Plaintiff's original complaint states that the action is brought pursuant to Title VII.[1] Additionally, Plaintiff included with his Amended Complaint a Right to Sue letter from the E.E.O.C. stating that he had the right to bring a suit in federal or state court under Title VII. See Docket No. 23, 24. The Amended Complaint further states that Plaintiff believes he was wrongfully and unjustifiably terminated. See Docket No. 24. Because both the Amended Complaint and, by reference, the original Complaint, explicitly raise the issue of wrongful termination and reference an action that is allegedly a violation of Title VII, Plaintiff has met his initial burden of establishing federal question jurisdiction and Defendant's motion cannot be granted on these grounds.

Even if Plaintiff has properly named a cause of action arising under federal question jurisdiction, Defendant argues that his failure to timely file with the E.E.O.C. deprives this Court of subject matter jurisdiction over the case. However, the Supreme Court has explicitly held that "filing a timely charge with the E.E.O.C. is *not* a jurisdictional prerequisite to suit in federal court."

---

[1] Although the Amended Complaint does not explicitly reference Title VII, in his request to file an Amended Complaint and add state law claims, he indicated that he wished to have his original Title VII claim continue. See Report and Recommendation at 3; see also Docket No. 23.

5

Zipes v. Trans World Airlines, 455 U.S. 385, 392 (1982) (emphasis added) (holding that failure to timely exhaust administrative remedies is more in the nature of a statute of limitations). The exhaustion requirement was designed as a practical rule to aid courts in the efficient determination of cases by developing a factual record, as well as allowing an expert to review any claims before a suit may be brought. See Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Given that this rule is a practical one, it generally does not impact the subject matter jurisdiction of the District Court. See id. This distinction is important because the failure to timely exhaust, as a prudential bar akin to a statute of limitations, may be equitably tolled in limited circumstances. Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007). Equitable tolling may even apply when there has been a total failure to exhaust administrative remedies. Id. at 175 ("we have clearly rejected a distinction between failure to timely exhaust and complete failure to exhaust in Title VII cases . . . courts are permitted . . . to equitably toll filing requirements, even if there has been a complete failure to file").

Because the exhaustion requirements do not generally call into question a court's jurisdiction to hear a Title VII claim, the Third Circuit has held that the question of whether a Plaintiff has timely exhausted administrative remedies in these actions is generally proper for consideration as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Robinson v. Dalton, 107 F.3d 1018, 1021-22 (3d Cir. 1997). Only when it is absolutely clear from the face of the pleadings that administrative remedies have not been exhausted should the Court consider dismissal under 12(b)(1). Consideration under Rule 12(b)(6) allows the court, as it would in a statute of limitations case, to consider whether equitable tolling of the requisite time periods should be applied.[2]

---

[2] Although neither party has addressed the issue of equitable tolling in their pleadings, the Third Circuit has held that there are three general, non-exclusive circumstances where a plaintiff who has been prevented from filing in a

In light of the Third Circuit's standard for deciding motions to dismiss under Rule 12(b)(1), as well as the Robinson standard, the Court finds that Judge Dickson's recommendation was proper, and Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. Because Plaintiff's claim is dismissed for other reasons pursuant to Rule 12(b)(6), the Court need not reach the question of whether Plaintiff has properly exhausted his administrative remedies, or whether equitable tolling is proper in this case.

### B. Dismissal Under Rule 12(b)(6)

Although Defendant did not raise the issue in its Motion to Dismiss, the Third Circuit has held that a court may *sua sponte* raise the issue of deficiency in the pleadings under Rule 12(b)(6). See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court is required to accept as true all allegations in the complaint and to draw all possible inferences in the light most favorable to the non-movant. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although only a "short and plain statement of the claim" demonstrating a need for relief is required, see Fed. R. Civ. P. 8(a)(2), conclusory statements that merely recite elements of the law are not sufficient to meet this standard. See Iqbal, 556 U.S. at 678. To meet this standard, a plaintiff must state facts sufficient to give rise to a plausible claim for relief. Id. Although there are limits to the flexibility with which courts treat *pro se* plaintiffs, see Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2013) (noting that *pro se* litigants must still plead sufficient facts to support their claim and abide by the same procedural rules as all other litigants), the Court, in the interest of "substantial justice" must

---

timely manner due to inequitable circumstances may be entitled to equitable tolling: First, when a defendant has actively misled the plaintiff as to the plaintiff's cause of action, second, when a plaintiff in an "extraordinary" way has been prevented from asserting his rights, and third where the plaintiff has timely asserted his rights mistakenly in the wrong forum. See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

construe *pro se* pleadings liberally. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

Even by the lenient standards with which the Court examines pleadings by *pro se* parties, Plaintiff's Amended Complaint fails to provide facts sufficient to support an inference of a Title VII violation by Defendant. Under Title VII, an employment practice is unlawful if it discriminates "against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Although Plaintiff alleges that his termination was "wrongful and unjustifiable," the Amended Complaint makes no allegation whatsoever that his termination had any relation to the categories enumerated in Title VII. In fact, Plaintiff fails to even define which of the protected categories into which he falls, making it impossible for the Court to draw any inference of discrimination. Even looking at the Right to Sue letter presented in the Amended Complaint,[3] although it invokes Title VII, it gives no indication or information that creates an inference that the statute was violated. Because Judge Dickson correctly held that Plaintiff failed to adequately plead a right to relief under Title VII, his recommendation is hereby adopted and affirmed, and Plaintiff's Amended Complaint is dismissed.

### C. Plaintiff's Right to Re-Plead

Defendant's final objection to the Report and Recommendation is that Judge Dickson erred in recommending that Plaintiff be permitted to file an additional amended complaint. Generally, a *pro se* complaint should not be dismissed without allowing leave to amend unless amendment would be "inequitable or futile." See Shemonsky v. Thomas, 400 Fed. App'x 624, 626 (3d Cir.

---

[3] Although the letter is not part of the pleadings, because the claims raised within the Amended Complaint depend, at least in part, on the existence of the letter, it may be considered by the Court in ruling on a motion to dismiss. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1198 (3d Cir. 1993).

8

2010) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Although Plaintiff has not yet pled compliance with the required exhaustion of administrative remedies, neither party has addressed the issue of equitable tolling in its briefing. Furthermore, given Plaintiff's *pro se* status, the need for further briefing, and the liberal policy regarding the amending of pleadings within the Federal Rules of Civil Procedure, the Court finds that the interests of justice require granting Plaintiff leave to submit an amended complaint within thirty days of this opinion.

## IV. **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation and the parties' submissions, this Court hereby adopts and affirms Magistrate Judge Dickson's Report and Recommendation and denies Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Further, the Court adopts and affirms Judge Dickson's *sua sponte* recommendation, and Plaintiff's Amended Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff is granted thirty (30) days from the date of this Opinion to reinstate this action and file an Amended Complaint addressing the pleading deficiencies discussed herein. An appropriate Order accompanies this Opinion.

DATED: November 25, 2013

_____
**CLAIRE C. CECCHI, U.S.D.J.**