NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**LEONARD ROBINSON**,

                Plaintiff,

   v.

**CRS FACILITY SERVICES, LLC.**,

                Defendant.

Civil Action No.: 12-cv-2693 (CCC)

**OPINION & ORDER**

**CECCHI, District Judge.**

This matter comes before the Court on Defendant CRS Facility Services, LLC's ("Defendant") Motion to Dismiss *pro se* Plaintiff Leonard Robinson's ("Plaintiff") Second Amended Complaint. (ECF No. 38.) The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court dismisses Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiff is granted thirty (30) days in which to file a Third Amended Complaint that cures the pleading deficiencies discussed below.

## I.    <u>BACKGROUND</u>

Plaintiff filed his initial Complaint on May 4, 2012. (Compl.) In the initial Complaint, Plaintiff alleged discrimination by his former employer, Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq ("Title VII"). Plaintiff alleged that on August 3, 2009, he was granted a leave of absence from his position to "handle some personal family issues." (Compl. 5.) On May 5, 2010, Plaintiff called his employer who informed him that he was terminated and that the company had attempted to contact him, but had been unable to do so.

(Compl. 5.)  Plaintiff claims he was unjustly terminated and is entitled to relief.

On October 22, 2012, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because he had not received the statutorily required Right to Sue letter from the E.E.O.C. (Def. Mot. to Dismiss.)  On March 21, 2013, Plaintiff filed an Amended Complaint and added a claim under New Jersey state law. (Am. Compl.)  Defendant then filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Def. Second Mot. to Dismiss.)

On September 24, 2013, Judge Dickson recommended that Defendant's Motion to Dismiss be denied; however, he exercised the Court's power to recommend dismissal of the Amended Complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6).  On November 25, 2013, this Court adopted and affirmed Judge Dickson's Report and Recommendation. (Ct. Op.)

Plaintiff thereafter filed a letter, which this Court construes as a Second Amended Complaint, on December 16, 2013, alleging that Defendant violated New Jersey's Law Against Discrimination. (Second Am. Compl.)  Plaintiff does not re-allege that Defendant violated Title VII. (Second Am. Compl.)  On January 6, 2014, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Def. Third Mot. to Dismiss.)  On January 30, 2014, Plaintiff filed a letter in response. (Pl. Resp.)

II.   **DISCUSSION**

A.   **Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  The court must resolve motions over

2

subject matter jurisdiction before proceeding to a disposition of the merits. Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).

To properly invoke subject matter jurisdiction under 28 U.S.C. § 1332(a), a plaintiff must "show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010). For complete diversity of citizenship, each plaintiff must be a citizen of a different state from each defendant. Gay v. Unipack, Inc., No. 10–6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995); see also Scott v. Cohen, 528 Fed. App'x 150, 152 (3d Cir. 2013) ("Federal jurisdiction is determined from the facts as they exist when the complaint is filed."); Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts & Service, Inc., 705 F.2d 685, 688 (3d Cir. 1983) ("the existence of diversity jurisdiction is generally determined by the facts that existed at the time the complaint was filed"). For purposes of diversity jurisdiction, "citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co., v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

Plaintiffs, even when proceeding *pro se*, must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter. See Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 515 (D.N.J. 2000); Phillip v. Atlantic City Med. Ctr., 861 F. Supp. 2d 459, 467 (D.N.J. 2012). Furthermore, a plaintiff must also plead the amount in controversy on the face of the complaint. Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935, 937 (3d Cir. 1968).

**B.      Plaintiff Has Failed To Sufficiently Demonstrate Subject Matter Jurisdiction**

Here, Defendant challenges the Court's jurisdiction, arguing that the Court lacks subject matter jurisdiction because Plaintiff's Second Amended Complaint only asserts a claim under New Jersey law and abandons all claims under Title VII. (Def. Third Mot. to Dismiss 14-16).  Defendant argues that there is no diversity of citizenship because both Plaintiff and Defendant are citizens of New York.  (Id. at 15; ECF No. 21, Def. Reply Brief 3).  Plaintiff, in his response, does not address this Court's jurisdiction. (Pl. Resp.)

The Court recognizes that Plaintiff appears *pro se* and his complaint is held to a less stringent standard than formal pleadings drafted by lawyers, yet the Court is limited in the procedural flexibility it can afford Plaintiff. Haines v. Kemer, 404 U.S. 519, 520-21 (1972); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that *pro se* litigants must still plead sufficient facts to support their claim and abide by the same procedural rules as all other litigants).  Plaintiff alleges that he lives in New York and that Defendant is located in New Jersey. (Compl. 1-2.)  Defendant company, CRS Facility Services, LLC, is a limited liability company. When determining whether the parties are diverse, the Court must look at the citizenship of each of the LLC's members. See Wood, 592 F.3d at 418.  Defendant alleges that William Rizzuto, Jr. is a member of the LLC and was a citizen of New York the date the initial Complaint was filed. (Def. Third Mot. to Dismiss 15).  Plaintiff does not have a statement of jurisdiction in his Second Amended Complaint, and has therefore failed to properly plead diversity of citizenship among the parties.  Thus, the Court finds that there is an insufficient basis at this time on which to find original

4

subject matter jurisdiction over Defendant.[1]

Based on the reasons set forth above,

**IT IS** on this 31st day of July 2014,

**ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED without prejudice; and it is further

**ORDERED** that given Plaintiff's *pro se* status, to the extent Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to file a Third Amended Complaint. If Plaintiff files a Third Amended Complaint it must be in compliance with Fed. R. Civ. P. 8,[2] Fed. R. Civ. P. 10,[3] and all applicable local rules.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**

_____

[1] Defendant also argues that the Court should dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). (Def. Third Mot. to Dismiss.) Because the Court grants Defendant's motion based on the reasons set forth above, it need not reach that issue at this time. Defendant may renew its arguments in response to Plaintiff's amended pleading, to the extent one is filed.

[2] "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.

[3] "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties. . . . A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10.