NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD ROBINSON, | Civil Action No.: 12-2693 (CCC-MF) |
| Plaintiff, | |
| v. | **OPINION** |
| CRS FACILITY SERVICES, LLC, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

## I.     INTRODUCTION

This matter comes before the Court on the motion of CRS Facility Services, LLC ("CRS") and Edward Buonocore ("Buonocore," and collectively, "Defendants") to dismiss the Third Amended Complaint filed by *pro se* Plaintiff Leonard Robinson ("Plaintiff"). ECF No. 43. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Plaintiff did not oppose the motion. For the reasons discussed below, Defendant's motion to dismiss is granted, with prejudice.

## II.     BACKGROUND

Plaintiff, proceeding *pro se*, has filed four complaints in this matter, each alleging different violations of law on the part of his former employer, CRS. On May 4, 2012, Plaintiff filed his initial Complaint against CRS, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). ECF No. 1. Plaintiff alleged that in August 2009, he was granted a leave of absence of "up to nine months or more if [he] need[ed] more time," in order to handle "personal family issues," but that on May 5, 2010, he learned that he had been terminated. Compl. CRS moved to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on October 22, 2012, arguing that Plaintiff had not received a Notice-of-Right-to-Sue letter from the EEOC and thus he had failed to exhaust his administrative remedies. First Mot. to Dismiss, ECF No. 11, at 3-4. On March 4, 2013, the Court granted Plaintiff's request to amend his Complaint, administratively terminating CRS's First Motion to Dismiss. ECF No. 22.

Plaintiff filed an Amended Complaint in the form of a letter dated March 21, 2013, alleging that he was suing CRS for "wrongful and unjustifiable termination without just cause." ECF No. 24. Prior to filing that letter, Plaintiff had filed another letter with the Court, indicating that he wished to add a claim under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-3, *et seq.* ("NJLAD") to his Amended Complaint. ECF Nos. 23. CRS filed a Second Motion to Dismiss pursuant to Rule 12(b)(1), arguing that the Court lacked subject-matter jurisdiction over Plaintiff's claim because Plaintiff's Amended Complaint did not allege any federal claims and diversity of citizenship was lacking. Second Mot. to Dismiss, ECF No. 26, at 5-7.

On September 24, 2013, Magistrate Judge Joseph A. Dickson issued a Report and Recommendation ("R&R") on CRS's Second Motion to Dismiss. ECF No. 30. In the R&R, Judge Dickson recommended that the Court deny CRS's motion to dismiss for lack of subject-matter jurisdiction, in light of the Court's obligation to construe *pro se* pleadings liberally, because Plaintiff's submissions to the Court indicated that he was alleging both Title VII and NJLAD claims in his Amended Complaint and thus jurisdiction was proper under 28 U.S.C. § 1331. R&R 3-5. Judge Dickson also recommended, however, that the Court *sua sponte* dismiss Plaintiff's Amended Complaint, without prejudice, for failure to state a claim under Rule 12(b)(6), because although Plaintiff's Amended Complaint appeared to allege a Title VII cause of action, Plaintiff had failed to specify facts sufficient to state a claim under Title VII. R&R 7-8. The Court adopted Judge Dickson's R&R on November 25, 2013 and dismissed the Amended Complaint, without

prejudice, for failure to state a claim. ECF No. 36.

On December 16, 2013, Plaintiff filed a letter with the Court, which the Court construed as a Second Amended Complaint. In the Second Amended Complaint, the sole cause of action Plaintiff asserted was a violation of the NJLAD; Plaintiff alleged that CRS violated the NJLAD by failing to accommodate his disability when they fired him after he took a leave of absence to seek treatment for "Alcoholism and Addiction." Second Am. Compl., ECF No. 37. CRS then filed a Third Motion to Dismiss pursuant Rules 12(b)(1) and 12(b)(6). Third Mot. to Dismiss, ECF No. 38. The Court granted CRS's motion on July 31, 2014, dismissing the Second Amended Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. ECF No. 41. In light of Plaintiff's *pro se* status, the Court dismissed the Second Amended Complaint without prejudice.

Plaintiff filed a letter on August 29, 2014, which the Court construes as a Third Amended Complaint. Third Am. Compl., ECF No. 42. In the Third Amended Complaint, Plaintiff alleged that he was terminated in violation of Title I and Title V of the Americans with Disabilities Act ("ADA") because he was fired after he requested a reasonable accommodation for his disability, in the form of a request for an unpaid leave of absence for treatment of alcoholism. Id. at 1. Though Plaintiff alleges that "Ed Buonocore," a principal of CRS and CRS's Director of Operations, "acted alone and made the decision to give [Plaintiff] the reasonable accommodation," Plaintiff appears to bring this action against Buonocore and CRS. Id.

Defendants CRS and Buonocore filed a Fourth Motion to Dismiss on September 11, 2014. Fourth Mot. to Dismiss, ECF No. 43. Defendants argue that the Court should dismiss the Third Amended Complaint pursuant to Rule 12(b)(6) because Plaintiff failed to exhaust administrative remedies prior to filing this action and Plaintiff failed to allege any facts supporting equitable tolling. Defs.' Br., ECF No. 43, at 7-9. Defendants also argue that any claims against Buonocore

should be dismissed because Title I and Title V of the ADA do not provide causes of action against individuals. Id. at 10-13. Plaintiff has not opposed the motion. Rather, on September 15, 2014, Plaintiff filed with the Court a copy of an EEOC "Dismissal and Notice of Rights" form, dated January 16, 2013. EEOC Notice, ECF No. 44. The form is addressed to Plaintiff and indicates that "[t]he EEOC is closing its file on this charge for the following reason: . . . Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Id.

## III.   DISCUSSION

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, district courts must first "accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). Then, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). An amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotation and citation omitted).

Under the ADA, 42 U.S.C. § 12101, et seq., an employee must file a timely charge of discrimination with the EEOC before filing an employment discrimination action. Gloeckl v.

4

Giant Eagle, Inc., 176 F. App'x 324, 325-26 (3d Cir. 2006) (citing 42 U.S.C. § 12117(a) (applying

Title VII's administrative enforcement procedures, 42 U.S.C. § 2000e-5, to ADA claims)). "For

a charge to be timely, an employee normally must file it with the EEOC within 180 days of the

alleged unlawful employment practice," id., unless the employee "initially instituted proceedings

with a State or local agency with authority to grant or seek relief from such practice or to institute

criminal proceedings with respect thereto," in which case the limitations period may extend up to

three hundred days after the alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1).

The 180-day period (or 300-day period) for filing a charge with the EEOC is "treated as [a]

statute[] of limitations." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470

(3d Cir. 2001) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).[1]

These EEOC requirements are subject to equitable tolling under the following

circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's

cause of action; (2) where the plaintiff in some extraordinary way has been prevented from

asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly

in the wrong forum." Ernandez v. Lynch, 447 F. App'x 293, 294 n.1 (3d Cir. 2011) (citing Oshiver

v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). In Ernandez, just as in

the instant case, plaintiff did not file her charge with the EEOC until after the limitations period

had expired, she did not contest that she had filed untimely charges, and she failed to allege facts

supporting equitable tolling. 447 F. App'x at 294. The Third Circuit therefore affirmed the

---

[1] The EEOC "Dismissal and Notice of Rights" letter (or "right-to-sue" letter), though it may contain language regarding a right to sue in federal or state court within ninety days of receipt of the notice, does not necessarily indicate that all of the statutory prerequisites have been met for a private right of action. See McPherson v. New York City Dep't of Educ., 457 F.3d 211, 213-24 (2d Cir. 2006) (affirming dismissal of claim based on charge untimely filed with EEOC and holding that "a right-to-sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed.").

dismissal of her complaint, as well as the decision to deny plaintiff leave to amend on the ground that amendment would be futile. Id.

Here, Plaintiff's EEOC Notice plainly indicates that he failed to file timely charges with the EEOC as to his employment discrimination claim, Plaintiff does not contest this or plead facts indicating that he timely filed charges, and Plaintiff does not plead facts supporting equitable tolling. See id.; see also Morris v. Eberle & BCI, LLC, No. 13-6113, 2014 WL 4352872, at *4 (D.N.J. Sept. 3, 2014) (dismissing ADA claim as time-barred because plaintiff did not file charge with EEOC within 180-day statutory period and equitable tolling did not apply).  Although Plaintiff is proceeding *pro se*, the Court has granted Plaintiff three opportunities to amend his complaint, and Plaintiff has not opposed Defendants' Fourth Motion to Dismiss. Plaintiff's only submission in response to the instant motion is a copy of the EEOC Notice that plainly indicates his charges were untimely filed. See ECF No. 44. Therefore, the Court will grant Defendant's motion to dismiss the Third Amended Complaint, with prejudice.[2]

IV.   **CONCLUSION**

Based on the reasons set forth above, Defendants' motion to dismiss is granted, with prejudice. An appropriate order accompanies this Opinion.

Dated: April 2~, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Because the Court grants Defendants' motion to dismiss on the aforementioned grounds, the Court does not reach the question of whether Plaintiff failed to state a claim against Buonocore under the ADA.